**SO ORDERED.**

**Dated: October 20, 2009**
**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF ARIZONA**



In re:

DAVID T. WILLIAMS,

Debtor.

In Proceedings Under Chapter

Case No. 2

**STIPULATED CHAPTER 13 PLAN**

*CHARLES G. CASE, II*
*U.S. Bankruptcy Judge*

The Chapter 13 Plan dated May 26, 2009 having been properly noticed out to creditors and the one objection having been resolved,

**IT IS ORDERED** Confirming the Plan of Debtors as follows:

1. **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

    a. <u>Future Earnings or Income.</u> Debtors shall make the following monthly Plan Payments:

    | Months | Payments |
    |---|---|
    | 1-12 | $173.00 |
    | 13-48 | $473.00 |
    | 49-54 | $850.00 |
    | 55-60 | $1380.00 |

    Payments are due on or before the **7th day** of each month commencing June 7, 2009.

    Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. **Any funding shortfall must be cured before the plan can be discharged.**

    The Debtors shall provide, directly to the Trustee copies of their **federal** and **state** income tax returns for the years 2008, 2009, 2010, and 2011, within 30 days of filing. The purpose is to assist the Trustee in determining any change in debtor's annual disposable income. Debtors will turn over to the Trustee any net tax refunds for these three years which will be treated as supplemental payments.

    b. <u>Other Property.</u> Any other property submitted shall be treated as advance payments. In no event will the Plan term be reduced to less than 60 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

2. **DURATION.** This Plan shall continue for **60 months** from the first regular monthly payment described in Paragraph 1(a) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate.

3. **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor.

    a. <u>Administrative expenses.</u> Trustee shall receive such percentage fee of Plan

1

| | | |
|---|---|---|
| 1 | | payments as may be periodically be fixed by the Attorney General pursuant to 28 U.S.C. § 586(e), but not to exceed 10 %. |
| 2 | | |
| 3 | | **Attorney Fees.** John A. Banker, Esq. shall be allowed fees in the amount of $3,100.00. Counsel received $1,500.00 prior to filing this case and will be paid $1,600.00 by the Chapter 13 Trustee. |
| | b. | **Claims Secured by Real Property.** Creditor secured by first position lien on Debtor's residence, BAC Home Loan Servicing fka Countrywide, shall be paid the pre-petition arrearage of $19621.17 with interest at 0.00%. Debtor will make regular post-petition payments outside the Plan to the secured creditor. |
| | | The plan provides for no payment to Evelyn Williams Trust, the holder of a second position lien on the residence. |
| | | Creditor secured by third position lien on Debtor's residence, Bank of America, shall be paid the pre-petition arrearage of $574.69 with interest at 0.00%. Debtor will make regular post-petition payments outside the Plan to the secured creditor. |
| | c. | **Claims Secured by Personal Property.** Creditor secured by a 2006 Dodge, Evergreen Financial, shall be paid $2500.00 with interest at ~~6~~%. The Trustee has authority to pay on this secured debt, even though the creditor has filed no secured proof of claim, but neither the Plan nor this Order is a proof of claim for said creditor. |
| | d. | **Priority Claims.** None. |
| | e. | **Unsecured Claims.** All other claims shall be classified as unsecured. Unsecured claims shall be paid the balance of the payments under the Plan pro rata. Any unsecured debt balance remaining unpaid at the end of the Plan shall be discharged. The Plan and this Order shall not constitute an informal proof of claim for any creditor. |
| 4. | | **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this order. Property of the estate shall be the date of this Order. Property of the estate vests in Debtors herewith. |

DATED this _____ day of _____, 2009.

~~US BANKRUPTCY JUDGE~~

APPROVED AS TO FORM AND CONTENT:

_____
Edward J. Maney, Trustee          Change made with approval of debtor's counsel

_____
John A. Banker, Esq.
Attorney for Debtors

_____
Mark Bosco, Esq.
Attorney for BAC fka Countrywide

2

1 | David T. Williams hereby certifies that he has filed all required State and Federal income tax returns and does not owe any domestic support obligations.
2 |
3 | *David T. Williams* (signature)
  | David T. Williams